IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Amy L. Van Buskirk, | : | |
| Plaintiff | : | Civil Action 2:09-cv-867 |
| v. | : | Judge Frost |
| Michael J. Astrue, Commissioner of Social Security, | : | Magistrate Judge Abel |
| | : | |
| Defendant | : | |

**ORDER**

Plaintiff Amy L. Van Buskirk brought this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits. This case is now before the Court on plaintiff's July 20, 2010 objections (doc. 17) to Magistrate Judge Mark R. Abel's July 6, 2010 Report and Recommendation that the final decision of the Commissioner denying plaintiff disability benefits be affirmed.

Plaintiff Amy L. Van Buskirk alleges she became disabled at the age of 44 by epilepsy, supraventricular tachycardia, thryoid problems, anxiety, extreme fatigue, high blood pressure, high cholesterol, and high white blood cell count. The administrative law judge ("ALJ") found that Van Buskirk retained the ability to perform unskilled, sedentary work through December 31, 2007, the date she was last insured for social security disability insurance benefits.

Plaintiff Van Buskirk argues that the Court should reject the Report and Recommendation and reverse the decision of the Commissioner because the Magistrate Judge erred when he (1) found that the failure of the administrative law judge to address the lay testimony did not "materially undermine his findings;" and (2) said that the plaintiff did not address Listings 11.02 or 11.03 or the medical evidence that the administrative law judge failed to credit with respect to the seizure limitations. The Court need address only one of these arguments, as remand for further consideration is proper.

<u>Lay evidence</u>. The administrative law judge's decision did not mention letters from Mike Martin and Shannon J. Vannoy supporting plaintiff's application for disability benefits.  Mike Martin, a neighbor, wrote a letter on January 16, 2006 "[t]o whom it may concern," stating that he had known Plaintiff for many years, that he had noticed a continuing deterioration of her health, and that he had witnessed her having seizures on several occasions.  (R. 199.)  Shannon Vannoy, Plaintiff's housemate, wrote a letter on January 15, 2006 stating that she also had witnessed Plaintiff's health deterioriating, that Plaintiff had begun having frequent seizures about three years earlier, and that Plaintiff's condition and medications appeared to leave her unsteady and confused much of the time.  (R. 200.) The Magistrate Judge addressed this assignment of error as follows:

> Van Buskirk provided, as noted above, letters from Mike Martin and Shannon J. Vannoy to support her claims as to the severity of her symptoms.  In her statement of errors, she asserts that, although 20 CFR §404.1545(a)(3), §416.945(a)(3), and SSR 96-7p require an ALJ to consider statements from persons such as neighbors and friends as to a

> claimant's symptoms and how they affect her, the ALJ here failed to evaluate them.  Plaintiff is correct that the ALJ's opinion makes no reference to the Martin or Vannoy letters.  However, the allegations in this evidence concerning Van Buskirk's symptoms is similar to her own allegations and hearing testimony.  The ALJ concluded from Plaintiff's testimony that her alleged severity of limitations was not consistent with her treatment record and the objective diagnostic evidence in her medical record.  It does not appear that the failure of the ALJ to make an explicit statement that he found the lay evidence of her neighbors and friends not credible for the same reasons materially undermined his findings.

July 6, 2010 Report and Recommendation (doc. 16), at pp. 13-14.

Plaintiff argues that the lay testimony documented seizures that medical treators had been unable to document. Because the administrative law judge did not mention the lay evidence in his decision, there is no way to know whether he took it into account when determining the credibility of Van Buskirk when she reported frequent seizures.

Social Security regulations at 20 C.F.R. §404.1545(a)(3) and §416.945(a)(3) both provide that the ALJ "will also consider descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided by you, your family, neighbors, friends, or other persons."  SSR 96-7p provides:

> Other sources may provide information from which inferences and conclusions may be drawn about the credibility of the individual's statements. [...] Example of such sources include public and private agencies, other practitioners, and nonmedical sources such as family and friends.

The ALJ found that the objective evidence in this case does not support Plaintiff's allegations as to the severity or frequency of her seizures.  A September

3

2005 MRI had normal results, as did a May 9 2006 sleep deprived EEG, a July 2007 EEG, and a March 2008 EEG. (R. 402, 333, 305, 403.) The ALJ, in his findings, reviewed the treatment records of Dr. Malhotra, a neurologist, whose neurological examinations always produced essentially normal results. (R. 286, 291, 308.) He also reviewed the records of Dr. Bhattacharyya, another neurologist, who opined that the episodes Plaintiff was reporting sounded atypical for seizures, and that she might be undergoing nonepileptic pseudoseizures of psychiatric origin. (R. 385.) Finally, the ALJ addressed the most recent evidence in the record, the opinion of Dr. Grinvalsky, another neurologist, that Plaintiff suffered from a complex partial seizure disorder which might have been unexpectedly exacerbated by her use of Zoloft. (R. 405.)

However, federal courts have held that an ALJ must take into account lay evidence if it is presented:

> Therefore, "[l]ay testimony as to a claimant's symptoms is competent evidence which the Secretary must take into account, *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993), unless he expressly determines to disregard such testimony, in which case 'he must give reasons that are germane to each witnses.'" *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ's failure to expressly set forth reasons discounting lay witness testimony is erroneous. *Id.*

*Witte v. Astrue*, 2009 WL 2983057 at *10 (S.D. Ohio 2009). *See also Stout v. Comm'r, Social Sec. Administration*, 454 F.3d 1050, 1056 (9th Cir. 2006) (ALJ's "silent disregard of lay testimony" is grounds for reversal); *Smith v. Heckler*, 735 F.2d 312, 313 (8th Cir. 1984) (disregard of lay evidence violates regulations; ALJ must discuss testimony specifically and make explicit credibility determinations).

4

"[T]estimony from lay witnesses who see the claimant every day is of particular value." *Cowart v. Comm'r of Soc. Sec.*, 2010 WL 1257343 at *9 (E.D. Mich. 2010), quoting *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996).

Here, the ALJ's decision made no mention of the Martin and Vannoy letters. His failure to address this lay evidence from the claimant's neighbor and housemate concerning her symptoms was not harmless, and is grounds for remand.

<u>Conclusions</u>.  Upon review of the record as a whole, the Court finds that the administrative law judge's failure to address the lay evidence of record was not harmless error.  Plaintiff argues in addition that the ALJ erred in failing to explicitly address Listings 11.02 and 11.03, which refer to seizure disorders, in addition to his discussion of Listings 12.04, 12.06, and 12.08, which refer to mental disorders.  Any remand for further consideration of the lay evidence concerning the frequency and severity of Plaintiff's seizures, including their propensity to cause loss of consciousness or significant interference with activity, will necessarily relate to Listings 11.02 and 11.03 as well.

Accordingly, the decision of the Commissioner denying plaintiff's application for disability insurance benefits is **REVERSED**.  The Clerk of Court is **DIRECTED** to enter judgment **REMANDING** this matter for further administrative action consistent with this opinion.

          /s/   Gregory L. Frost
          Gregory L. Frost
          United States District Judge